**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROLAND J. SCHULTZ**<br><br>**v.**<br><br>**EMR, SPC, AND STEPHEN D'OTTAVI** | **CIVIL ACTION**<br><br>**NO. 14-5683** |

Baylson, J.                                                  February 20, 2015

### MEMORANDUM RE PLAINTIFF'S MOTION TO REMAND CASE TO PHILADELPHIA COURT OF COMMON PLEAS

Plaintiff Roland J. Schultz moves to remand this case to Pennsylvania state court on the ground that this Court lacks subject matter jurisdiction over his claims.   Plaintiff brought suit in the Philadelphia County Court of Common Pleas alleging Defendants defamed him and wrongfully terminated him because he exercised his union rights and complained about workplace safety issues.   Defendants removed the case to this Court.   Following removal, Plaintiff filed an Amended Complaint, which he alleges contains claims arising wholly under New Jersey state law. Accordingly, Plaintiff contends this Court lacks subject matter jurisdiction over his claims.

Plaintiff is incorrect that this Court lacks subject matter jurisdiction.   The Court evaluates Plaintiff's claims based on his Complaint at the time of removal.   If subject matter jurisdiction is present based on Plaintiff's original Complaint, subsequent amendments to that Complaint do not deprive the Court of jurisdiction.   To the extent that the Amended Complaint only includes claims arising under state law, the Court could decline to exercise supplemental jurisdiction.   But that issue is contested.   Defendants have moved to dismiss Plaintiff's Amended Complaint, arguing that two of Plaintiff's claims are preempted by federal law.   Because Plaintiff has yet to respond to Defendants' Motion to Dismiss, and the Court would benefit from full briefing on the

1

preemption issue, the Court will retain jurisdiction at this time and will order Plaintiff to respond to Defendants' Motion to Dismiss.

## I.   Facts and Procedural History

On September 10, 2014, Plaintiff filed a Complaint in the Philadelphia County Court of Common Please against Defendants EMR, SPC Corp., and Stephen D'Ottavi for defamation, wrongful termination in breach of contract, and wrongful termination in violation of public policy. See ECF 2, Ex. A.   The terms of Plaintiff's employment with Defendants were governed by a collective bargaining agreement ("CBA") negotiated on Plaintiff's behalf by Teamsters Local 676. Id. ¶ 8.

Plaintiff contends he was terminated largely because "he was an enthusiastic and vocal member of Local 676."   Id. ¶ 14.   Mr. D'Ottavi, Plaintiff alleges, "initiated a campaign to target those employees who were vocal about the exercise of their union rights" and "began to single out Plaintiff for discipline."   Id. ¶ 19.   Plaintiff's Complaint alleges that on November 5, 2013, Defendants attempted to terminate him.   Plaintiff requested a grievance hearing, which was never scheduled.   Plaintiff's Complaint further alleges that on March 5, 2014, at approximately 6 p.m., the mill at Defendants' Camden, New Jersey, recycling plant shut down.   When Plaintiff came to work on March 6, 2014, one of Plaintiff's co-workers accused Plaintiff of deliberately shutting down the mill.   Plaintiff admits to responding sarcastically, "Oh yeah, I shut down the mill." Plaintiff contends Defendants twisted this statement and terminated him without informing a union business agent as required under the CBA.

Plaintiff's three-count Complaint alleges that Defendants (1) defamed him by entering false information into Plaintiff's employment record when attempting to terminate him in

November 2013 and March 2014; (2) wrongfully terminated him in breach of the CBA; and (3) wrongfully terminated him against public policy "by unfairly targeting Plaintiff for the exercise of his union rights."

On October 6, 2014, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1446, on the basis that Plaintiff's wrongful termination in breach of contract claim requires an interpretation of the CBA and, accordingly, falls within the purview of Section 301 of the Labor Management Relations Act ("LMRA") and gives this Court jurisdiction under 28 U.S.C. § 1331 (ECF 1).

On October 14, 2014, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), contending that Plaintiff's wrongful termination claims were preempted by federal labor law and that Plaintiff's Complaint failed to state a defamation claim (ECF 2).

On October 20, 2014, Plaintiff filed an Amended Complaint (ECF 4) replacing his wrongful termination in breach of contract claim with a claim under the New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. 34:19-1, *et seq.* ("CEPA"), and specifying that he was bringing his wrongful termination in violation of public policy claim under Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980), which recognizes a New Jersey state law cause of action for wrongful termination.

On October 22, 2014, Plaintiff moved to remand to state court (ECF 5), contending that this Court lacks subject matter jurisdiction because the claims in the Amended Complaint arise wholly under New Jersey.

On November 6, 2014, Defendants moved to dismiss Plaintiff's Amended Complaint for failure to state a claim or for improper venue, alleging that Plaintiff's wrongful termination and

CEPA claims are preempted by federal labor law and that Plaintiff's Amended Complaint failed to state a defamation claim (ECF 6).   Plaintiff has not yet responded to Defendants' Motion to Dismiss.

On November 11, 2014, Defendants responded to Plaintiff's Motion to Remand (ECF 8), contending (i) that Motion is moot because the Court should grant Defendants' Motion to Dismiss and (ii) remand to the Philadelphia County Court of Common Pleas is inappropriate because that court is an improper venue.   On January 12, 2015, this Court entered an Order (ECF 9) requesting supplemental briefing on two questions:   (1) Whether at least one of Plaintiff's claims calls for interpretation of a collective bargaining agreement, and, if so, whether the need to interpret a collective bargaining agreement provides this Court with jurisdiction under 28 U.S.C. § 1331, the Labor Management Relations Act, and/or the National Labor Relations Act; and (2) Whether the Court should consider Plaintiff's initial Complaint or Plaintiff's Amended Complaint in evaluating the Court's jurisdiction and Plaintiff's motion to remand.   Plaintiff filed a supplemental brief on January 23, 2015 (ECF 11), and Defendants filed a supplemental brief on February 2, 2015 (ECF 13).

## II.  Analysis

### A.  Subject Matter Jurisdiction on Removal

The parties agree that the Court should look to Plaintiff's initial Complaint to determine whether the Court has subject matter jurisdiction.   See Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 124 (3d Cir. 1979) ("[S]ubject matter jurisdiction is to be determined from the face of the complaint and on the basis of the record in the state court, at the time the petition for removal is presented.").

Section 301(a) of the LMRA provides that "[s]uits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).  "Although section 301 refers only to jurisdiction, it has been interpreted as authorizing federal courts to fashion a body of common law for the enforcement of collective bargaining agreements."  Antol v. Esposito, 100 F.3d 1111, 1115 (3d Cir. 1996) (citation omitted).  As a result of this desire for uniform national interpretation of contract terms, § 301 preempts some, though not all, state law regarding collective bargaining agreements.  Id. at 1115-16.  "In general, claims based squarely on a collective bargaining agreement or requiring analysis of its terms are preempted by section 301 and are removable to the federal courts."  Id. at 1117.  "Claims that are independent of a collective bargaining agreement, even if they are between employees and employers, are not removable."  Id.

Plaintiff's initial Complaint alleges wrongful termination in breach of the CBA, contending Defendants terminated him in violation of CBA provisions requiring prior consultation with a union business agent, mandating five conditions for immediate termination, and requiring termination only for "just cause."  See ECF 2, Ex. A, ¶ 52-54.  These allegations, on the face of Plaintiff's Complaint, would require the Court to analyze the CBA to determine whether Defendants wrongfully terminated Plaintiff in breach of that agreement.

In Antol, defendants removed a suit to federal court, claiming that the "contract of employment" referred to in plaintiffs' complaint was a collective bargaining agreement.  The Third Circuit concluded removal was appropriate because analysis of the collective bargaining

5

agreement was necessary to determine plaintiffs' alleged entitlement to compensation and benefits.   Antol, 100 F.3d 1117.

In Briones v. Bon Secours Health System, 69 F. App'x 530 (3d Cir. 2003) (not precedential), defendants removed the case to federal court, arguing that plaintiffs' claims required interpretation of a collective bargaining agreement.   Plaintiffs claimed that defendants violated the New Jersey Constitution, which guarantees the rights of employees to organize and bargain collectively and prohibits dismissal of employees for union activities, and they included a reference to the benefits available under their collective bargaining agreement.   Briones, 69 F. App'x at 532.   Plaintiffs subsequently filed an amended complaint, deleting references to rights secured by the collective bargaining agreement.   Id. at 533.   The Third Circuit held that removal was determined by plaintiffs' initial complaint, not the amended complaint.   Id. at 534-35. Because plaintiffs' claims were in part based on their alleged loss of rights under the collective bargaining agreement and could not be adjudicated without interpreting that agreement, the Third Circuit held that plaintiffs' claims implicated § 301 of the LMRA and federal court jurisdiction was appropriate.   Id. at 535.

Plaintiff relies on Lepore v. National Tool and Manufacturing Co., 540 A.2d 1296 (N.J. Super. Ct. App. Div. 1988) for the proposition that § 301 of the LMRA does not preempt a state law retaliatory discharge claim brought by an employee who reports unsafe workplace conditions. New Jersey recognizes such a tort cause of action.   See Pierce, 417 A.2d at 512.   In Lingle v. Norge Division of Magic Chef, Inc., the Supreme Court held that a plaintiff's retaliatory discharge claim under state law was not preempted by § 301 because "purely factual questions" whether plaintiff was discharged and whether the employer's motive was to deter plaintiff from exercising

her rights did not require construing the collective bargaining agreement.  486 U.S. 399, 407 (1988).   In this case, however, Plaintiff's initial Complaint, which determines the Court's removal jurisdiction, alleges wrongful termination based on breach of the CBA.   Plaintiff added the allegation of retaliatory discharge under Pierce in his Amended Complaint, which is not relevant to this Court's analysis of Plaintiff's Motion to Remand.   However, Plaintiff's allegations are likely to be relevant to argument on Defendants' Motion to Dismiss, to which Plaintiff has yet to respond.   See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3d Cir. 1995) (noting, in an ERISA case, that "removal and preemption are two distinct concepts" (citation omitted)).

Because Plaintiff's initial Complaint requires an interpretation of the CBA, the Court has subject matter jurisdiction over Plaintiff's claims on removal.

## B.  Supplemental Jurisdiction

Although the Court concludes that it has subject matter jurisdiction on removal based on Plaintiff's initial Complaint, Plaintiff nevertheless contends that, because the Amended Complaint includes claims that arise wholly under New Jersey state law, the Court should decline to exercise supplemental jurisdiction over these claims.   Defendants argue that the Court should retain jurisdiction because Plaintiff's Amended Complaint advances claims that are preempted by § 301 of the LMRA and still provide the Court with federal question, not solely supplemental, jurisdiction.

The Court retains discretionary authority to remand a removed case to state court when all federal law claims have dropped out of the suit and only state law claims remain.   See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 348 (1988).   In making this decision, the Court

should consider "the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Id. at 357.

Here, Defendants have already moved to dismiss the claims for wrongful discharge and violations of CEPA in Plaintiff's Amended Complaint as preempted by § 301 of the LMRA. Plaintiff has not yet responded to Defendants' Motion. The issue of preemption will be integral to any ruling on Defendants' Motion to Dismiss. Accordingly, it would be premature for the Court to decline to exercise jurisdiction now without the benefit of full briefing on Defendants' Motion to Dismiss, which would also clarify the nature of the Court's jurisdiction.

### III. Conclusion

Because Plaintiff's initial Complaint calls for the interpretation of the CBA, which provides this Court with subject matter jurisdiction, Plaintiff's motion to remand will be denied without prejudice. The Court will retain jurisdiction over this case pending full briefing on Defendants' Motion to Dismiss and a determination of the nature of the Court's jurisdiction over the claims advanced in Plaintiff's Amended Complaint.

An appropriate Order follows.

O:\CIVIL 14\14-5683 schultz v. emr\14cv5683 -- MemoMotRemand.docx