IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROLAND J. SCHULTZ | CIVIL ACTION |
|---|---|
| v. | NO. 14-5683 |
| EMR, SPC et al. | |

Baylson, J.  June 22, 2015

### MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S SECOND MOTION TO REMAND

Defendants EMR, SPC Corp., and Stephen D'Ottavi move (ECF 6) under Fed. R. of Civ. P. 12(b)(6) to dismiss the Amended Complaint of Plaintiff Roland J. Schultz for failure to state a claim and as preempted by the National Labor Relations Act, 29 U.S.C. §§ 151-169 ("NLRA").

Plaintiff has also filed a second motion to remand this case to the Philadelphia County Court of Common Pleas (ECF 18). The Court denied Plaintiff's first motion to remand without prejudice (ECF 15), concluding the Court had subject matter jurisdiction over Plaintiff's claims based on his original Complaint.

The Court will grant, in part, Defendants' motion to dismiss and will dismiss Plaintiff's wrongful discharge claims (Counts II and III) with prejudice as preempted by the NLRA. In light of the dismissal of these claims, the Court concludes it lacks subject matter jurisdiction over Plaintiff's state law defamation claim (Count I) and will grant, in part, Plaintiff's motion to remand, and will remand that claim to the Philadelphia County Court of Common Pleas.

### I. Facts and Procedural History

On September 10, 2014, Plaintiff, a Pennsylvania resident, filed a Complaint in Philadelphia County Court of Common Pleas against Defendants EMR (a New Jersey

1

corporation), SPC Corp. (a Pennsylvania corporation), and Stephen D'Ottavi (a New Jersey resident and Human Resources Manager for EMR and SPC) for defamation, wrongful termination in breach of contract, and wrongful termination in violation of public policy. See ECF 2, Ex. A, Pl.'s Compl. The terms of Plaintiff's employment with Defendants were governed by a collective bargaining agreement ("CBA") negotiated on Plaintiff's behalf by Teamsters Local 676. Id. ¶ 8.

Plaintiff contends he was terminated largely because "he was an enthusiastic and vocal member of Local 676." Id. ¶ 14. Mr. D'Ottavi, Plaintiff alleges, "initiated a campaign to target those employees who were vocal about the exercise of their union rights" and "began to single out Plaintiff for discipline." Id. ¶ 19. Plaintiff's Complaint alleges that on November 5, 2013, Defendants attempted to terminate him. Plaintiff requested a grievance hearing, which was never scheduled. Plaintiff's Complaint further alleges that on March 5, 2014, at approximately 6 p.m., the mill at Defendants' Camden, New Jersey, recycling plant shut down. When Plaintiff came to work on March 6, 2014, one of Plaintiff's co-workers accused Plaintiff of deliberately shutting down the mill. Plaintiff admits to responding sarcastically, "Oh yeah, I shut down the mill." Plaintiff contends Defendants twisted this statement and terminated him without informing a union business agent as required under the CBA.

Plaintiff's original three-count Complaint alleged that Defendants (1) defamed him by entering false information into Plaintiff's employment record when attempting to terminate him in November 2013 and March 2014; (2) wrongfully terminated him in breach of the CBA; and (3) wrongfully terminated him against public policy "by unfairly targeting Plaintiff for the exercise of his union rights."

On October 6, 2014, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1446, on the basis that Plaintiff's wrongful termination in breach of contract claim required an interpretation of the CBA and, accordingly, fell within the purview of Section 301 of the Labor Management Relations Act ("LMRA") and gave this Court jurisdiction under 28 U.S.C. § 1331 (ECF 1).

On October 20, 2014, Plaintiff filed an Amended Complaint (ECF 4), largely restating the allegations made in his Complaint, but replacing his wrongful termination in breach of contract claim with a claim under the New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. 34:19-1, *et seq.* ("CEPA"), and specifying that he was bringing his wrongful termination in violation of public policy claim under Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 512 (N.J. 1980), which recognizes a New Jersey state law cause of action for wrongful termination.

A.   **Plaintiff's First Motion to Remand**

On October 22, 2014, Plaintiff moved to remand to state court (ECF 5), contending that this Court lacked subject matter jurisdiction because the claims in the Amended Complaint arose wholly under New Jersey law. Defendants responded on November 11, 2014 (ECF 8). On January 12, 2015, the court ordered supplemental briefing on whether the Court had jurisdiction over Plaintiff's claims (ECF 9). Plaintiff filed a supplemental brief on January 23, 2015 (ECF 11), and Defendants filed a supplemental brief on February 2, 2015 (ECF 13).

On February 20, 2015, the Court issued a Memorandum (ECF 14) and Order (ECF 15) denying Plaintiff's motion to remand without prejudice. The Court concluded that subject matter jurisdiction existed based on Plaintiff's original Complaint. The Court reasoned that § 301(a) of

the LMRA, 29 U.S.C. § 185(a), preempted Plaintiff's wrongful termination claims because those claims required the Court to interpret the CBA.

**B.     Defendants' Motion to Dismiss**

On November 6, 2014, Defendants moved to dismiss Plaintiff's Amended Complaint for failure to state a claim or for improper venue, alleging that Plaintiff failed to state a defamation claim and Plaintiff's wrongful termination claims are preempted by federal labor law (ECF 6). On March 4, 2015, Plaintiff replied, contending he had made out a claim for defamation, venue is property, and federal labor law does not preempt his wrongful termination claims (ECF 16). On March 11, 2015, Defendants filed a reply, arguing that Plaintiff cannot show publication as required for a viable defamation claim and reiterating that the NLRA preempts Plaintiff's wrongful termination claims.

**C.     Plaintiff's Second Motion to Remand**

On April 22, 2015, Plaintiff again moved to remand the case to Philadelphia County Court of Common Pleas (ECF 18). Plaintiff concedes that the Court has subject matter jurisdiction based on his original Complaint. However, Plaintiff contends that because his claims do not implicate any important issues of federal law, the Court should decline to exercise supplemental jurisdiction and should remand the case. On May 5, 2015, Defendants responded that Plaintiff's motion is premature pending a ruling on Defendants' motion to dismiss and should be denied as duplicative of Plaintiff's first motion to remand (ECF 19).

## II. Analysis

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff. <u>Warren Gen.</u>

Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**A.   Plaintiff's Wrongful Termination Claims (Counts II and III)**

Defendants argue that Plaintiff's wrongful termination claims should be dismissed as preempted by the NLRA. Under Supreme Court precedent, when an activity is "arguably subject" to section 7 or 8 of the NLRA, state and federal courts must defer to the exclusive competence of the National Labor Relations Board ("NLRB"). San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959). Under Garmon preemption, "state regulations and causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the [NLRA]." Belknap, Inc. v. Hale, 463 U.S. 491, 498 (1983).

The Third Circuit has noted that "Garmon preemption protects the exclusive jurisdiction of the NLRB over unfair labor practice proceedings; accordingly, if a cause of action implicates protected concerted activity under section 7 of the NLRA or conduct that would be prohibited as an unfair labor practice under section 8 of the NLRA, the cause of action is preempted." Voilas v. Gen. Motors Corp., 170 F.3d 367, 378 (3d Cir. 1999). Defendants, as the party claiming preemption bear the burden of demonstrating that the challenged activity is arguably preempted by the NLRA. See id. at 379.

Section 7 of the NLRA protects the right of employees "to self-organization, to form, join, or assist labor organizations . . . and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ." 29 U.S.C. § 157. Section 8 of the

NLRA makes it an "unfair labor practice" for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" in section 7. Id. § 158(a)(1). It is also an "unfair labor practice" for an employer to discharge or discipline an employee for union activities. Id. §§ 158(a)(1), (4).

Plaintiff's claims of wrongful termination in violation of public policy (Count II) and in violation of CEPA (Count III) are both predicated on the contention that Plaintiff was unfairly targeted for the exercise of his union rights. See ECF 4, Pl.'s Am. Compl. ¶¶ 80, 88. Plaintiff contends Defendants wrongfully terminated him for, among other reasons, attempting to enter a grievance procedure in November 2013 and for his complaints about overtime pay, defective working equipment, and unsafe working conditions. See id. ¶¶ 81-84, 89-92. Plaintiff himself traces Defendants' animus towards him to his exercise of his union rights, noting that the disciplinary actions that led to his termination "were motivated by, and rooted in, D'Ottavi's animus towards labor unions, his ignorance of the applicable labor laws, and his reckless disregard of, and contempt for, the labor agreement between Local 676 and EMR." See id. ¶¶ 13, 42.

Plaintiff's claims are subject to Garmon preemption. See Belknap, 463 U.S. at 498. Plaintiff's exercise of his union rights and his attempt to file a grievance under the CBA are protected activity under section 7 of the NLRA. See NLRB v. City Disposal Sys. Inc., 465 U.S. 822, 833 (1984) (holding that concerted activity under section 7 of the NLRA includes a lone employee's invocation of rights granted in his collective bargaining activity). Furthermore, Plaintiff's termination allegedly for the exercise of his union rights, including the filing of complaints regarding overtime pay, defective equipment, and workplace safety, would be an "unfair labor practice" under section 8 of the NLRA. Accordingly, because Plaintiff's claims are

"arguably subject" to sections 7 and 8 of the NLRA, they are preempted. See Garmon, 359 U.S. at 245.

Plaintiff contends preemption should not apply because his claims do not require an interpretation of the CBA. But Plaintiff confuses the LMRA with the NLRA. It is true that section 301 of the LMRA preempts some, but not all, state law regarding collective bargaining agreements. See Antol v. Esposito, 100 F.3d 1111, 1115 (3d Cir. 1996). But the question here is whether Plaintiff's claims are preempted by the NLRA. See Londono v. ABM Janitorial Servs., No. 13-3539, 2014 WL 7146993, at *5 (D.N.J. Dec. 12, 2014) (rejecting plaintiff's argument that state law claims are not preempted under section 301 of the LMRA as unrelated to the analysis of Garmon preemption under the NLRA).

Plaintiff is correct that in some instances courts have concluded that preemption will not apply to a retaliatory discharge claim that is based upon independent state law grounds. See, e.g., Lepore v. Nat'l Tool and Mfg. Co., 540 A.2d 1296, 1305 (N.J. Super. Ct. App. Div. 1988) (finding section 301 of the LMRA did not preempt state law claims based on independent state law grounds that did not require interpretation of a collective bargaining agreement, but not considering NLRA preemption). In Radwan v. Beecham Labs., 850 F.2d 147 (3d Cir. 1988), the Third Circuit reversed the dismissal of a retaliatory discharge claim brought by a non-union employee for allegedly refusing to conspire in setting up a union official for dismissal. Id. at 151-52. However, Radwan dealt with the question of whether the at-will employee's discharge violated New Jersey public policy—the Third Circuit held that it did—and the court did not consider whether NLRA preemption applied. Id. at 152.

Because the Court concludes Plaintiff's wrongful termination claims are preempted by the

7

NLRA, amendment would be futile, so the Court will dismiss those claims with prejudice.[1]

## B. Plaintiff's Defamation Claim (Count I) and Second Motion to Remand

Defendants also contend Plaintiff has failed to state a defamation claim under New Jersey law. However, in light of the dismissal of Plaintiff's wrongful termination claims, the Court must determine whether it has subject matter jurisdiction over this claim. Federal courts are courts of limited jurisdiction, and when there is a question related to the Court's subject matter jurisdiction, that question must be resolved as a threshold matter. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

In this case, the Court determined that it had subject matter jurisdiction over Plaintiff's wrongful termination claims based on federal labor law. However, now that the Court has dismissed those claims as preempted by federal labor law, the only jurisdictional bases remaining for the Court to hear Plaintiff's New Jersey state law defamation claim are diversity of citizenship under 18 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. Complete diversity of citizenship is not met, however, because Plaintiff and Defendant SPC Corp. are both Pennsylvania citizens. See id. at 419. The Court also declines to exercise supplemental jurisdiction over Plaintiff's state law defamation claim because the Court has dismissed the wrongful termination claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3).

Accordingly, because the Court lacks subject matter jurisdiction over Plaintiff's defamation claim, the Court will grant, in part, Plaintiff's second motion to remand and will

---

1 To the extent Plaintiff's Amended Complaint could be read to assert a breach of contract claim against Defendants, that claim would be preempted under section 301 of the LMRA because the contract allegedly breached is the CBA. See Antol, 100 F.3d at 1117 ("In general, claims based squarely on a collective bargaining agreement or requiring analysis of its terms are preempted by section 301 . . . .").

8

remand Plaintiff's defamation claim to the Philadelphia County Court of Common Pleas.

### III. Conclusion

The Court will grant, in part, Defendants' motion to dismiss and will dismiss Plaintiff's wrongful termination claims with prejudice as preempted by the NLRA. The Court will grant, in part, Plaintiff's second motion to remand and will remand Plaintiff's defamation claim to the Philadelphia County Court of Common Pleas.

An appropriate Order follows.


O:\CIVIL 14\14-5683 schultz v. emr\14cv5683.Memo.MTD.6.22.15.docx